JAMES W. WESSEL, Esq.
301 E. Washington Avenue Suite F
Escondido, California 92025
Telephone: (760) 738-4207

Attorney for Defendant
ASHLEY ALLISON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(HONORABLE JAMES V. SELNA)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. SA CR 09-00193-JVS |
| Plaintiff, ) | Date: 3/22/2010 |
| v. ) | Time: 9 a.m. |
| ASHLEY ALLISON, ) | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant ) | |

TO: THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE, and BRET A. SAGEL, ASSISTANT UNITED STATES ATTORNEY:

Comes Now the defendant, **ASHLEY ALLISON**, by and through her attorney of record, James W. Wessel, and hereby submits the following Sentencing Memorandum.

I.

**STATEMENT OF FACTS**

Ms. Allison agrees that the recitation of facts, as set forth in the probation officer's report, is consistent with the information contained in the investigation reports, with the following supplement:

Ms. Allison's involvement in this criminal episode lasted approximately seven (7) months. Although the loss suffered by the victims is $1,501,823.00, Ms. Allison received approximately $33,000.00.

II.

**CRIMINAL HISTORY**

Ms. Allison agrees with the probation officer's calculation that her criminal history score is zero, and a criminal history category of level I.

### III.

### ADJUSTED BASE OFFENSE LEVEL

In accordance with the terms of the plea agreement, Ms. Allison agrees that the adjusted base offense level should be level 22, with a minus 3 for Ms. Allison's acceptance of responsibility (§3E1.1). Ms. Allison's adjusted base offense level would then be level 19.

### IV.

### DEPARTURE

Pursuant to the plea agreement, Ms. Allison is entitled to argue for additional adjustments and departures as may be appropriate under the Guidelines.

Ms. Allison respectfully submits that an additional two level departure to level seventeen (17) is warranted pursuant to 18 U.S.C. sec. 3553 (a) - (7). This incident was not indicative of Ms. Allison's character and was clearly aberrant behavior. Further, Ms. Allison's conduct was less culpable than the activities of the co-defendants. This contention is supported by the fact that despite the large sums received by the parties, Ms. Allison's share was minimal.

This court does have the discretion to depart downward from the guidelines when mitigating circumstances of a kind or degree not adequately taken into consideration by the sentencing commission exists. United States v. Lira-Barraza 941 F.2d 745 (9th Cir. 1991). Further, this court may depart downward on the basis of a single act of aberrant behavior: "the departure is available to a first time offender who has been convicted of one aberrant criminal act." United States v. Morales, 961 F.2d 1428 (9th Cir.), superseded 972 F.2d 1007 (9th Cir. 1992).

### V.

### GUIDELINE RANGE

The guideline range for an individual whose criminal history category is **I** and whose base offense level is nineteen (19) is 30 to 37 months. The guideline range for offense level seventeen (17) is twentyfour (24) to thirty (30) months.

///

///

## VI.

## SENTENCING RECOMMENDATION

The defense asks this Court to sentence **Ms. Allison** to the low term under level 17, or, 24 months.

## VII.

## ARGUMENT

### Ms. Allison Should be Sentenced to the Low Term Under the Guidelines.

It is respectfully submitted that the imposition of a lengthy sentence, in light of all of the circumstances, would not be warranted. It is respectfully submitted that Ms. Allison was the least culpable individual in this criminal episode.

Standing before this court is good woman who made a terrible choice. This was aberrant behavior not worthy of the imposition of a harsh sentence.

The Sentencing Commission has recognized that its Guidelines are not applicable to every offense. In fact, that body has candidly acknowledged its inability to fashion a sentencing system that covers all cases: "the Commission, of course, has not dealt with single acts of aberrant behavior that still may justify probation at higher offense levels through departures." U.S.S.G. Ch.1, pt. A, § 4(d).

Thus, "the Guidelines recognize that the first offense may constitute a single act of truly aberrant behavior justifying a downward departure." **United States v. Dickey**, 924 F.2d 836, 838 (9th Cir. 1991). Accord, **United States v. Russell**, 870 F.2d 18, 20 (1st Cir. 1989). **Ms. Allison's** conduct was a single act of aberrant behavior.

The court's observation in **United States v. Takai**, 941 F.2d 738 (9th Cir. 1991) is worth reviewing:
"[T]he Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the Guidelines, that could constitute grounds for departure in an unusual case" (citation). The reasons that the Commission has adopted this policy are two and are in tension with each other: "[I]t is difficult to prescribe a single set of Guidelines that encompass the vast range of human conduct potentially relevant to a sentencing decision," and the Commission believes that courts will not have reason to depart "very often."

(citation). As sponsors of the Guidelines, the Commissioners are reluctant to believe that they have not anticipated most patterns of behavior. As students of human nature, the Commissioners recognize that the range of human conduct is very large.

Takai, 941 F.2d at 742 (citing U.S.S.G. Ch.1, pt. A, section 4(b).

## CONCLUSION

It is respectfully submitted that a criminal defendant is not measured solely by the isolated event that brought her to court. **Ms. Allison** is a good person who became involved in a criminal episode. She is not the sum total of the incident. She is worthy of compassion. She has accepted responsibility. **She is genuinely remorseful.**

On the basis of the foregoing, **Ms. Allison** requests that the Court sentence her to the lowest possible term under the guidelines.

Dated: March 11, 2010

Respectfully submitted,

JAMES W. WESSEL, Esq.
Attorney for Defendant
ASHLEY ALLISON

4

Your Honor,

I want to begin by expressing to you that this is the most difficult letter I've ever had to write.

I was told that I needed to write to you, your honor, about myself and who I am and how remorseful I am about my actions. Of course, most people are remorseful when they're caught for their wrong doing but how do I convey to you that I truly am sorry for what I've done without sounding trite or like a child that has been caught with his hand in the cookie jar.

My father was a Navy medic in the Viet Nam war where he met my mother, married her and had me shortly after that. He brought my mother and I home to the United States to start our new life and obviously has changed my life forever. I come from a very close and loving home where both my brother and I were brought up, given every opportunity to grow up like a normal kids and have the same opportunities to succeed in life.

I'm a single mother and have two children that are the ages of 13 and 1. I have worked very hard all my life to provide for my sons but being single, it hasn't been easy. My heart breaks of the thought of leaving my children. I will miss my eldest son's high school years, playing football and even his prom. Needless to say that I will miss the most formative years of my baby and the love and nurturing that a baby needs from his mother.

I've made my parents very proud, always excelling in any job, position or endeavor I've decided to focus on. I began working in the mortgage industry approximately 13 years ago and I was a natural and a quick study. I excelled very quickly at my positions and was promoted just as quick. I did well because of my work ethics and my conscientious attitude towards my clients and employers. I'm a very giving person and will help anyone that asks for help. Unfortunately I helped the wrong person and got caught up into doing something I didn't know what the possible ramifications could be.

I understand that ignorance is no excuse but if I would have followed my gut instincts, I would never be in this horrible and life changing situation that will not only affect me for the rest of my life but my children, my family and all that love me.

How do I begin to express my sincerest apology? How do I unravel or undo the financial loss to the lenders that were affected? I am so very sorry for my part in this offense and am willing to do what I must if sentenced to spend time in prison. All I ask is that you consider that I have never been in trouble with the law and that this was my first offense...and quite frankly, my last!!

I want to thank you for giving me the opportunity to share a little of who I am and a chance to apologize for what I've done. I would be extremely appreciative of any leniency that your honor might consider towards me in this case.


Sincerely yours,

Ashley T. Allison

To Whom It May Concern:

I am writing this letter today on behalf of my daughter, Ashley Allison. My daughter is a wonderful, caring, and loving person. I am very proud to be able to call Ashley, my daughter. She has never gone out of her way to take advantage of anyone or hurt another person; in fact she goes out of her way to be helpful and is generous to a fault when it comes to others. My daughter has a good heart and I feel this has led to people to taking advantage of her at times.

My daughter is committed to be a loving, caring mother to my grandkids. Michael and Hayden are who my daughter lives fore. She always puts her kids and family first. I believe more children should have a mother like Ashley. I don't want to go without seeing my child, and I would hate for my daughter not to be able to raise her kids.

Ashley is the best daughter a family could ask for. My daughter helps her family all the time, with whatever is needed. She brings warmth to my heart. As I said before I am a proud father when it comes to my daughter.

I know my daughter has made a mistake, and I also know she feels terrible and very sorry for it. It would be such a shame for us to lose her and for her kids to grow up without a mother. It would be quite tough on all the family. We all need her home with us. My loving daughter can do more good in the community taking the need to help others and putting it to good use, than she could ever sitting behind bars. My daughter has never been in trouble before and she is not a threat to society. My child could use a second chance.

Thank you for your time in reading this letter, and I thank you for your consideration in giving my child a second chance to remain a part of her family and raise her two wonderful children.

Sincerely,

Fred Allison